**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ELIN NAPOLEON, #70941-004**                                                                                       **PETITIONER**

**VERSUS**                                                           **CIVIL ACTION NO. 5:11-cv-87-DCB-RHW**

**VANCE LAUGHLIN, Warden**                                                                                   **RESPONDENT**

**MEMORANDUM OPINION**

This matter is before the Court, *sua sponte*, for consideration of dismissal after screening pursuant to 28 U.S.C. § 2243. On June 14, 2011, federal inmate Napoleon filed this *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] Petitioner is currently incarcerated in the Adams County Correctional Center (ACCC), which is a private prison owned and operated by Corrections Corporation of America (CCA), located in Natchez, Mississippi. Upon liberal review of the Petition [1], and Memorandum in Support [2] filed by the Petitioner, this Court has reached the following conclusions.

Petitioner states that he has a pending lawsuit in the Northern District of Texas against CCA, regarding the conditions of his confinement at the Eden Detention Center, thus placement in another CCA owned facility creates a "conflict of interest" which puts his "life [] in grave danger." Mem in Supp. [2], at 2. Petitioner alleges that the day after he filed a formal grievance requesting his transfer to a prison not owned by CCA, the staff "fabricated an allegation" against him resulting in "disciplinary segregation for 15 days." *Id.* Petitioner asserts various other allegations concerning the current conditions of his confinement including a claim that he is

---

[1] Petitioner states that he is currently serving a sentence of 125 months in the custody of the Bureau of Prisons based on a conviction for conspiracy to import cocaine entered by the United States District Court for the Southern District of Florida.

being denied access to a law library because of his pending lawsuit against CCA. As relief, Petitioner is asking the Court to issue a writ of habeas corpus directing the Warden to remove him from segregation and transfer him to "another prison, FCI or private, [or] any facility that is not a property of Corrections Corporation of America." *Id.* at 8.

## I. Analysis

Federal prisoners may challenge the manner in which their "sentence is carried out or the prison authorities' determination of its duration" in a habeas petition pursuant to § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). However, habeas relief "is not available to review questions unrelated to the *cause* of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) (emphasis added); *see also Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009)("Because Moore does not seek release from custody, his claims are not cognizable in a habeas proceeding."). The United States Court of Appeals for the Fifth Circuit in *Pierre* went on to say that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Id*. at 935-36; *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Therefore, an inmate is not entitled to relief in a habeas corpus petition based on civil rights claims related to the conditions of his confinement. *See Hernadez v. Garrison,* 916 F.2d 291, 293 (5th Cir.1990)(claims of overcrowding, denial of medical treatment and access to an adequate law library not proper subject for a habeas corpus petition).

Furthermore, federal habeas relief cannot be granted unless the petitioner has been deprived of some right secured to him by the laws of the United States or by the United States Constitution. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir.2000). It is well settled that a

prisoner does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996); *Prins v. Coughlin*, 76 F.3d 504, 507 (2d Cir.1997). The Bureau of Prisons has "sole discretion" to determine where a federal inmate will be housed. *United States v. Williams*, 65 F.3d 301, 307 (2d Cir.1995). Because the transfer of a federal inmate to another correctional institution does not implicate a constitutional interest, Petitioner is not entitled to the requested relief. *See Antonelli v. Mukasey*, No. 07-40491, 2008 WL 1790380, at *1 (5th Cir. Apr. 18, 2008)(federal inmate requesting transfer to a BOP facility within Minnesota was "not entitled to declaratory, injunctive, mandamus, or habeas relief on the merits of his allegations"). Although an inmate may file complaints regarding the conditions of his confinement in the form of a civil rights case, this Court will not liberally construe this habeas petition as a civil rights case since the relief sought by Petitioner is not available in either type of case. *See Lineberry v. U.S.*, No. 09-40744, 2010 WL 2340804, *1 (5th Cir. June 8, 2010)(affirming district court's dismissal of conditions of confinement claims in habeas case).

## II. Conclusion

In sum, Petitioner's claims regarding the conditions of his confinement are not properly pursued in a habeas corpus petition and Petitioner is not entitled to placement in the correctional facility or location of his choosing. As such, Petitioner's conditions of confinement claims as a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, will be dismissed with prejudice. Petitioner's conditions of confinement claims as a civil rights action, will be dismissed without

prejudice.[2]

      A Final Judgment in accordance with this Memorandum Opinion shall be issued this date.

      SO ORDERED, this the  27th   day of July, 2011.


                                      s/David Bramlette
                                      UNITED STATES DISTRICT JUDGE

---

[2] The Court is dismissing Petitioner's conditions claims without prejudice, since it is possible he may pursue his claims in a properly filed civil rights case seeking some type of relief other than the relief he seeks in the instant petition.